THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR ASSISTANCE FROM THIS OFFICE. IT DOES NOT APPEAR, HOWEVER, THAT IT IS NECESSARY OR APPROPRIATE THAT AN OFFICIAL PUBLISHED RESPONSE BE PROVIDED, AS THE LAW RELEVANT TO YOUR INQUIRY IS RELATIVELY CLEAR AND UNAMBIGUOUS.
IN YOUR LETTER YOU INQUIRE, IN EFFECT:
 MAY THE STATE OF OKLAHOMA CALCULATE PRIOR SERVICE MILITARY CREDIT FOR MEMBERS OF THE MUNICIPAL POLICE PENSION AND RETIREMENT SYSTEM, FOUND AT 11 O.S. 50-101 (1981), ET SEQ., AS AMENDED, DIFFERENTLY THAN MEMBERS OF THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM, FOUND AT 74 O.S. 901 (1981), ET SEQ., AS AMENDED, IN LIGHT OF THE DEFINITION OF "WAR VETERANS", PROVIDED BY 72 O.S. 67.13(A) (1990) OF THE WAR VETERANS COMMISSION OF OKLAHOMA — REVOLVING FUND ACT?
IT SHOULD FIRST BE NOTED THAT THERE ARE TWO POSSIBLE SCENARIOS UNDER WHICH STATE OR MUNICIPAL EMPLOYEES COULD QUALIFY AS "WAR VETERANS", AS DEFINED BY 72 O.S. 67.13(A) (1990). THE FIRST MIGHT BE TERMED INTERRUPTED MILITARY SERVICE, AND APPLIES TO THOSE EMPLOYEES WHO ARE CALLED INTO MILITARY SERVICE, STATUTORILY QUALIFY AS "WAR VETERANS", AND LATER RETURN TO THEIR POSITION IN CIVILIAN LIFE. THE SECOND SITUATION INVOLVES PRIOR MILITARY SERVICE AND APPLIES TO THOSE WHO SERVE IN THE ARMED FORCES, QUALIFY AS "WAR VETERANS, AND THEN ENTER INTO STATE OR MUNICIPAL SERVICE.
THE VIEWS EXPRESSED HEREIN ARE LIMITED TO MILITARY SERVICE PRIOR TO EMPLOYMENT WITH THE STATE OR MUNICIPALITY, AND SUBSEQUENT ENTRANCE INTO THE PARTICULAR STATE OR MUNICIPAL RETIREMENT SYSTEM.
ADDITIONALLY, I HAVE NOT ATTEMPTED TO IMPLICATE THE FEDERAL STATUTES INVOLVING WAR VETERANS AND VARIOUS RETIREMENT PROVISIONS.
THE MUNICIPAL POLICE PENSION AND RETIREMENT SYSTEM, AS PROVIDED BY 11 O.S. 50-101 ET SEQ., AS AMENDED, PROVIDES CREDIT FOR MILITARY SERVICE TO ANY MEMBER WHO HAS LEFT A PARTICULAR POLICE DEPARTMENT TO ENTER INTO MILITARY SERVICE DURING SPECIFIED PERIODS OF TIME AT WHICH THE UNITED STATES IS IN A STATE OF WAR. SPECIFICALLY 11 O.S. 50-128 PROVIDES:
 "ANY MEMBER WHO HAS HERETOFORE LEFT THE POLICE DEPARTMENT QUALIFYING UNDER THIS ARTICLE TO ENTER THE MILITARY SERVICE OF THE UNITED STATES DURING WORLD WAR II AND WHO RETURNED TO SAID DEPARTMENT ON OR BEFORE JULY 1, 1947, OR THE KOREAN CONFLICT AND WHO RETURNED TO SAID DEPARTMENT ON OR BEFORE JANUARY 1, 1956, SHALL RECEIVE CREDIT FOR SUCH TIME IN MILITARY SERVICE WITHOUT HAVING MADE CONTRIBUTION TO THE SYSTEM; AND ANY MEMBER WHO HAS HERETOFORE LEFT, OR HEREAFTER MAY LEAVE SAID DEPARTMENT BECAUSE OF INVOLUNTARY CONSCRIPTION INTO THE MILITARY SERVICES OF THE UNITED STATES AT ANY TIME AND WHO RETURNS TO SAID DEPARTMENT WITHIN NINETY (90) DAYS AFTER THE MEMBER'S RELEASE FROM SUCH INVOLUNTARY SERVICE SHALL RECEIVE CREDIT FOR SUCH TIME IN SAID MILITARY SERVICE ON THE POLICE DEPARTMENT WITHOUT HAVING MADE CONTRIBUTION TO THE SYSTEM ONLY FOR THAT PERIOD THAT IS INVOLUNTARY; VOLUNTARY ENLISTMENTS AND VOLUNTARY EXTENSIONS OF MILITARY SERVICE BEING HEREWITH SPECIFICALLY EXCLUDED FOR RETIREMENT CREDIT."
IN CONTRAST, THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM, AS PROVIDED BY 74 O.S. 901 ET SEQ., AS AMENDED, PROVIDES A QUITE DIFFERENT PROCEDURE WHEREBY WAR VETERANS MAY RECEIVE PRIOR SERVICE CREDITS. SPECIFICALLY, 74 O.S. 913(D) PROVIDES:
 "(D) ANY MEMBER WHO SERVED IN THE ARMED FORCES OF THE UNITED STATES, AS DEFINED IN 74 O.S. 902(23) OF THIS TITLE, PRIOR TO MEMBERSHIP IN THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM SHALL BE GRANTED PRIOR SERVICE CREDIT, NOT TO EXCEED FIVE (5) YEARS, FOR THOSE PERIODS OF ACTIVE MILITARY SERVICE DURING WHICH HE WAS A WAR VETERAN. SUCH PRIOR MILITARY SERVICE CREDIT SHALL NOT APPLY TO ANY PERSON RECEIVING MILITARY RETIREMENT BENEFITS OTHER THAN SERVICE-CONNECTED DISABILITY BENEFITS ESTABLISHED BY EITHER THE MILITARY SERVICE OR THE VETERANS ADMINISTRATION." 74 O.S. 902(23) STATES:
 "(23) "MILITARY SERVICE" MEANS SERVICE IN THE ARMED FORCES OF THE UNITED STATES IN TIME OF WAR OR NATIONAL EMERGENCY, AS DEFINED IN SECTION 72 O.S. 67.13(A) OF TITLE 72, FROM WHICH THE MEMBER WAS HONORABLY DISCHARGED."
TITLE 72 O.S. 67.13(A) (1990), MERELY DEFINES WHAT CONSTITUTES A "WAR VETERAN" FOR PURPOSES OF THE WAR VETERANS COMMISSION OF OKLAHOMA — REVOLVING FUND, AS WELL AS THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM. SPECIFICALLY, 72 O.S. 67.13(A) PROVIDES A LAUNDRY LIST OF INCLUSIVE DATES DURING WHICH THE UNITED STATES WAS IN A STATE OF WAR OR NATIONAL EMERGENCY. AN EXHAUSTIVE LIST OF THOSE DATES IS NOT RELEVANT TO THIS DISCUSSION, HOWEVER, THE LIST DOES INCLUDE THE VIETNAM CONFLICT, AS WELL AS KOREA, AND WORLD WAR II.
HOWEVER, THE LEGISLATURE HAS ESTABLISHED DIFFERENT CRITERIA FOR CALCULATING WAR TIME SERVICE CREDITS FOR MEMBERS OF THE MUNICIPAL POLICE PENSION AND RETIREMENT SYSTEM, PURSUANT TO 11 O.S. 50-128.
WHERE LANGUAGE OF STATUTE IS PLAIN AND UNAMBIGUOUS AND ITS MEANING IS CLEAR, STATUTE WILL BE ACCORDED MEANING AS EXPRESSED BY LANGUAGE THEREIN EMPLOYED. WILSON V. MCCORD INC., 611 F. SUPP. 621 (D.C. OKL. 1985). GENERALLY, ALL LEGISLATIVE ENACTMENTS MUST BE INTERPRETED IN ACCORDANCE WITH THEIR PLAIN AND ORDINARY MEANING ACCORDING TO THE IMPORT OF THE LANGUAGE USED. ALFALFA ELEC. COOP. INC. V. FIRST NAT. BANK TRUST CO. OF OKLAHOMA CITY, 525 P.2D 644 (OKL. 1974).
CONSEQUENTLY, IN LIGHT OF THE FOREGOING STATUTES AND CASE LAW, IT APPEARS THAT PRIOR SERVICE CREDITS FOR WAR TIME MILITARY SERVICE, FOR MEMBERS OF THE OKLAHOMA POLICE PENSION AND RETIREMENT SYSTEM, AS PROVIDED BY 11 O.S. 50-101, ET SEQ., AS AMENDED, MAY BE CALCULATED DIFFERENTLY THAN MEMBERS OF THE OKLAHOMA PUBLIC EMPLOYEES RETIREMENT SYSTEM, FOUND AT 74 O.S. 901, ET SEQ. AS AMENDED. THIS IS SO BECAUSE THERE EXISTS SPECIFIC STATUTORY LANGUAGE APPLICABLE TO EACH SYSTEM.
THIS RESPONSE DOES NOT CONSTITUTE AN OFFICIAL OPINION OF THE ATTORNEY GENERAL BUT, RATHER REPRESENTS MY VIEWS OF THE LAW RELEVANT TO YOUR INQUIRY.
(ROBERT T. RALEY)